WEST v. GIRARD.

No. 8277; August 28, 1884.

4 Pac. 565.

New Trial.—Where Material Issues in a Case are not Disposed of by the verdict of a jury, or the findings of a court, there must be a new trial.

Surface Water.—When Coterminous Tracts of Land are in Such a Position that the lower tract owes a servitude to the other to receive surface water, it cannot be forced back upon the dominant tract by any act of the servient owner.

APPEAL from the Superior Court of San Joaquin County.

F. T. Baldwin and J. C. Campbell for appellant; Byers & Elliot for respondent.

McKEE, J.—Two material issues were submitted to a jury in this case, namely: "(1) Is there, through the land of plaintiff, a natural watercourse which leaves the land of plaintiff on the south, and which passes through into the land of defendant? (2) Has defendant caused said natural watercourse to be obstructed by an embankment along the south line of plaintiff's land?" On both issues the jury failed to agree upon a verdict, and the court did not find upon either of them. Where material issues in a case are not disposed of by the verdict of a jury or the findings of a court, there must be a new trial.

But it is urged that the issues were immaterial, because, besides the averments in the complaint which were traversed by the answer of the defendant, and raised the issues which were not disposed of, it was also averred that the land of the plaintiff "slopes south toward the land of defendant, and the water which passes through the said watercourse and the surface water which falls upon and passes over plaintiff's land flows upon the land of defendant when allowed to pursue its natural course." The action was for the abatement of a private nuisance caused, as alleged, by the filling up of a natural watercourse, and by the obstruction, by an embankment therein, of the natural flow of the water, so as to turn it back upon the plaintiff's land to his damage. It was not an action, as in Ogburn v. Connor, 46 Cal. 346, 13 Am. Rep. 213, to prevent the obstruction of the natural flow of surface water from the land above upon an adjacent lower tract. In that case "there was no stream or watercourse upon the plaintiff's land." In this, it is alleged, there was "a natural watercourse," and that by its obstruction the injury complained of was caused. If such a watercourse existed as alleged, then, as to it, the plaintiff and defendant were riparian proprietors, and it would not be lawful for either of them to do any act which would interfere with the rights of the other therein. A watercourse constitutes part of the soil through which it extends, and when used for any beneficial purpose in connection with proprietary rights, it cannot be filled up or obstructed by any proprietor to the injury of another. If, therefore, the

surface water falling upon the plaintiff's land, ''when allowed to pursue its natural course,'' flows into and through a natural watercourse from the plaintiff's land upon the land of the defendant, the latter has no right to fill up the watercourse, or to build in it an embankment or other barrier, on his own land, to obstruct the natural flow of the surface water, or of the water of the stream, and force it back upon the plaintiff's land. When coterminous tracts of land are in that position, the lower tract owes a servitude to receive the surface water from the upper tract, especially if the water turns into a watercourse extending through both tracts or onto the lower tract; and the right of the owner of the dominant tract to have the water reach the watercourse, either on his own land or upon the land of the servient owner, cannot be interfered with. The water cannot be forced back upon the dominant tract by any act of the servient owner. The owner of the dominant tract has a right to its natural flow into the watercourse. But to support a judgment for the violation of such a right, the existence of the watercourse and its obstruction, if questions at issue, must be admitted or proved, and found by the verdict of the jury or the finding of the court. The allegations, finding and judgment must correspond.

Judgment and order reversed and cause remanded for a new trial.

We concur in the judgment upon the ground that all of the material issues of fact were not determined in the court below: Ross, J.; McKinstry, J.